UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM LaMAR BURRELL, | : | |
| Plaintiff, | : | No. 3:21-cv-393 (KAD) |
| | : | |
| v. | : | |
| | : | |
| ANGEL QUIROS, et al., | : | |
| Defendants. | : | |
| | : | |

**RULING ON MOTION FOR RECONSIDERATION**

Plaintiff, William LaMar Burrell ("Burrell"), an Oregon-sentenced prisoner currently confined at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, brings this action *pro se* and *in forma pauperis*. On April 2, 2021, the court filed an Initial Review Order dismissing all claims except the Eighth Amendment claim for deliberate indifference to medical needs against defendants Feder and Marceau. Doc. No. 8 at 14. Burrell has filed a motion for reconsideration seeking to reinstate his claims against defendants Brennan and King. For the following reasons, Burrell's motion is denied.

**Standard**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). This district's Local Rules state that: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the

initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1.

In addition, a motion for reconsideration must "be filed and served within seven (7) days of the date of the filing of the decision or order from which such relief is sought." D. Conn. L. Civ. R. 7(c)1.

**Discussion**

The local rule requires that motions for reconsideration be filed within seven days from the date of the ruling. The Initial Review Order was filed on April 2, 2021. Thus, Burrell was required to file his motion for reconsideration by April 9, 2021. Prisoner documents are considered filed as of the date they are given to correctional staff for mailing. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir.) (discussing prison mailbox rule), *cert. denied*, 534 U.S. 886 (2001). Burrell's motion, although dated May 11, 2021, was not scanned and emailed to the court until May 20, 2021. Burrell certifies that he mailed a copy to the defendants on May 18, 2021. *See* Doc. No. 13 at 17. The court considers Burrell's motion to have been filed on May 18, 2021, which is five weeks too late. The motion for reconsideration is denied as untimely filed.

Further, even if timely filed, the motion fails on the merits. Burrell seeks reinstatement of the claims against defendants Brennan and King, described respectively as the medical administrative remedies coordinator and the administrative remedies coordinator. All allegations against them concern their allegedly inadequate processing of Burrell's various grievances. Burrell contends that, by failing to properly address his medical grievance, defendant

Brennan delayed his access to necessary medical care.  The court dismissed this claim because Burrell has no constitutional right to file grievances or have his grievances properly investigated and processed.  Burrell identifies no controlling precedent requiring such a claim to proceed.  Indeed, another court considering similar claims dismissed them.  *See Brown v. Ruiz*, No. 3:18-cv-1235(JAM), 2019 WL 1533438, at *2-3 (D. Conn. Apr. 9, 2019) (dismissing claim for "denial of medical needs by not efficiently responding to grievances").

Notwithstanding, Burrell argues that he had a liberty interest in the prison grievance procedures which is protected by the due process clause. He refers the court to a 2012 district court case concerning prisoner classification.  Burrell is not challenging his classification in this case and in any event, a decision by another district court judge is not controlling precedent as contemplated under the standards for reviewing a motion for reconsideration.  *See Shub v. Westchester Cmty. Coll.*, No. 06 Civ. 8324(WCC), 2008 WL 1957731, at *2 (S.D.N.Y. Apr. 28, 2008) (controlling decisions include decisions from the Second Circuit Court of Appeals but not decisions from other circuits, other district courts or even decisions within the same district).  In dismissing his claims against defendants Brennan and King, the court relied on a 2018 Second Circuit decision confirming that Connecticut prisoners have no protected liberty interest in having correctional officials comply with state grievance procedures.  *See* Doc. No. 13 at 12 (citing *Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018).  Burrell identifies no case in which the Second Circuit has reversed or called into question this decision.  Thus, Burrell has not identified any controlling decisions overlooked by the court.

Burrell also argues that the court should acknowledge that he seeks declaratory relief.  The court noted the request in the Initial Review Order and did not dismiss it.  Thus, the request

3

for declaratory relief remains.

**Conclusion**

      For the foregoing reasons, Burrell's motion for reconsideration [**Doc. No. 13**] is **DENIED**.

      **SO ORDERED** at Bridgeport, Connecticut, this 25th day of May 2021.

                                          /s/
                                    Kari A. Dooley
                                    United States District Judge